UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-CR-114-002 |
| ) | |
| JANET KAY AIKEN MARTIN GARLAND, ) | |
| ) | |
| Defendant. ) | |

## WRIT OF EXECUTION

TO THE UNITED STATES MARSHAL:

An application for a Writ of Execution against Janet Kay Aiken Martin Garland, defendant, has been filed with this Court to partially satisfy an unpaid judgment for restitution entered on February 14, 2014, in the United States District Court for the Eastern District of Tennessee for the amount of $178,515.00. The current balance due on this judgment is $178,253.00 as of August 19, 2015. Interest does not accrue on this debt. Defendant's last known address is RMM Nashville, Residential Reentry Office, 701 Broadway St, Suite 124, Nashville, TN 37203.

NOW, THEREFORE, pursuant to authority of 28 U.S.C. §§ 1651, 3202, and 3203, you are hereby commanded to partially satisfy the judgment by levying on the property described hereafter in which the defendant has a substantial nonexempt interest, and by executing upon the property described below which is in the possession, custody, or control of the defendant:

> SITUATED in the 5th Civil District of Unicoi County, Tennessee, and being more particularly described as follows to wit:
>
> BEING Lot No. 42 in Buffalo Valley Country Club Subdivision as shown by plats of said Subdivision recorded in Plat Cabinet A, Slides 22, 23, 24 and 25, in the Unicoi County, Tennessee Registry. Description taken from previous deed.

TAX MAP 50, GROUP B, PARCEL 25.
AND BEING the same property conveyed to William Newman and wife, Melanee Newman, by Warranty Deed from William J. Jones, Jr., Douglas L. White and Emmett Hampton, dated the 20th Day of October, 1900 and recorded in Deed Book 157, page 429, in the Register's Office for Unicoi County, Tennessee, to which reference is here made.

For further reference see Warranty Deed recorded on February 18, 1992 as Book 167, Page 518 in the Register of Deeds for Unicoi County, Tennessee.

YOU ARE ALSO COMMANDED to collect your costs and expenses and make return of this Writ within ninety (90) days after the date of issuance if levy is not made, or, within ten (10) days after the date of sale of property on which levy is made.

YOU ARE FURTHER COMMANDED to turn control of the property over to Richard F. Ray, duly appointed Receiver in civil matter 2:93-CV-317 of property co-owner Glenn S. Martin, Jr., for the sale of the property in order to maximize said sale.

ENTERED this 28 day of August, 2015.

DEBRA C. POPLIN, CLERK
UNITED STATES DISTRICT COURT

By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-114-002 |
| | ) | |
| JANET KAY AIKEN MARTIN GARLAND, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE TO DEFENDANT DEBTOR ON HOW
TO CLAIM EXEMPTIONS AND HOW TO REQUEST A HEARING**

You are hereby notified that your property is being executed upon by the United States of America, which has a judgment against you as indicated:

| | |
|---|---|
| Amount of Judgment: | $178,515.00 |
| Interest: | Interest does not accrue on this debt. |
| Amount Paid: | $262.00 |
| Unpaid balance: | $178,253.00 |
| As of: | August 19, 2015 |
| Nature of Debt: | Restitution |

The attached pre-judgment or post-judgment process has been issued on request of the United States of America.

The law provides that certain property cannot be taken. Such property is said to be exempted. This Notice lists the exemptions under federal law. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the attached Claim for Exemption Form

and (ii) deliver or mail the form to the United States District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, and to counsel for the United States, Anne-Marie Svolto, Assistant United States Attorney, 800 Market Street, Suite 211, Knoxville, Tennessee, 37902. You have a right to a hearing within ten (10) business days, or as soon as practicable, from the date you file your claim with the Court.

If you are Janet Kay Aiken Martin Garland, you have a right to ask the court to return your property to you if you think you do not owe the money to the plaintiff that it claims you do.

If you want a hearing, you must notify the court within twenty (20) days after receipt of the notice. Your request must be in writing.

If you wish, you may use this notice to request a hearing by checking in the space below. You must either mail it or deliver it in person to the United States District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743. You must also send a copy of your request to Anne-Marie Svolto, Assistant United States Attorney, 800 Market Street, Suite 211, Knoxville, Tennessee 37902, so the government will know you want a hearing.

The hearing will take place within ten (10) working days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

At the hearing you may explain to the judge why you think that you do not owe the money to the government or why you think that the property which the government is taking qualifies for an exemption. You should bring to court any documents which may help to prove your case.

If you think you live outside the federal judicial district in which the court is located, you may request, not later than twenty (20) days after you receive this notice, that this proceeding to take your property be transferred by the court to the federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the United States District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743. You must also send a copy of your request to Anne-Marie Svolto, Assistant United States Attorney, 800 Market Street, Suite 211, Knoxville, Tennessee 37902, so the government will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice but can refer you to other sources of information.

Dated this 28 day of August, 2015.

DEBRA C. POPLIN, CLERK
UNITED STATES DISTRICT COURT

By: B. Paxton
Deputy Clerk

## Defendant's Request for Hearing

Defendant herein hereby requests a hearing because:

_____    I do not believe I owe the Government the amount of money indicated in the Writ of Execution.

_____    I believe the property the Government is taking qualifies under the exemption(s) # _____ attached.

                Signed: _____
                              Janet Kay Aiken Martin Garland
                              2:12-CR-114-002

                Dated: _____

## CLAIM FOR EXEMPTION FORM
## EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

I claim that the exemption(s) from the levy which are checked below apply in this case:

_____   1.   Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

_____   2.   Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed $6,250 in value.

_____   3.   Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate $3,125 in value.

_____   4.   Unemployment benefits.   Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____   5.   Undelivered mail.   Mail, addressed to any person, which has not been delivered to the addressee.

_____   6.   Certain annuity and pension payments.   Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C.§ 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

_____   7.   Workmen's Compensation.   Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____ 8. Judgments for support of minor children. If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____ 9. Certain service-connected disability payments. Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such Title 38.

_____ 10. Assistance under Job Training Partnership Act.
Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

_____ 11. Minimum exemptions for wages, salary and other income. The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed. The maximum wage garnishment of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.